# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>                       Plaintiff,<br>  vs.<br><br>BNSF RAILWAY COMPANY; DOES 1 through 50,<br><br>                      Defendant. | CASE NO. 07CV1057 IEG (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITHOUT PREJUDICE**<br><br>(Doc. No. 4) |

    On June 8, 2007, BNSF Railway Company ("defendant") removed this action from San Diego County Superior Court to this Court. (Doc. No. 1.) Presently before the Court is the City of San Diego's ("plaintiff") motion to remand (Doc. No. 4.) Plaintiff, a California citizen, contends defendant is also a citizen of California, and, therefore, diversity jurisdiction is absent.

    For purposes of diversity citizenship, a corporation is a citizen of the state of its incorporation and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1); Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). "[W]here a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business," regardless of the location of the corporation's headquarters. Indus. Tectonics, Inc., 912 F.2d at 1094. If the corporation does not conduct a "substantial predominance" of its activity in any single state, the Court determines the corporation's principal place of business by applying the "nerve center" test. Id. The "nerve center" is the place where a corporation's

1   "executive and administrative functions are performed," i.e., the location of the corporate
2   headquarters.  Id. at 1092-93.
3       Defendant is incorporated in Delaware.  (Notice of Removal ¶ 4.)
4       Defendant "employ[s] approximately 45,000 employees and cover[s] approximately 32,000
5   route miles in 28 states and two Canadian provinces."  (Boutwell Decla. ¶ 2.)  Defendant owns
6   more than 1,000 miles of rail track in eleven different states.  (Id., Exhibit B, at 4.)  Therefore, the
7   Court finds defendant does not conduct a "substantial predominance" of its business activity in any
8   one state.  See Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 500 (9th Cir. 2001)
9   ("substantial predominance" test requires that corporation's business activity in one state "be
10  significantly larger" than any other state where the corporation does business).  Therefore, the
11  "nerve center" test applies to determine defendant's principal place of business.  Indus. Tectonics,
12  Inc., 912 F.2d at 1094.
13      Defendant's principal corporate office is in Fort Worth, Texas.  (Boutwell Decla. ¶ 2.)
14  This location houses the offices of defendant's executive officers, vice presidents, and executive
15  management.  (Id. ¶ 3.)  This location also includes the Network Operations Center, which
16  monitors the movement of all 6,330 locomotives in defendant's system.  (Id. ¶ 2.)   Defendant
17  employs 3,684 employees in multiple office buildings at this site.  (Id.)  Therefore, the Court finds
18  Texas is defendant's corporate headquarters and the place where defendant performs its executive
19  and administrative functions.
20      In reply, plaintiff concedes defendant's "nerve center" is Texas.  (Reply, at 2.)  The Court
21  has diversity jurisdiction.  However, Plaintiff also sued 50 DOE defendants who may have to be
22  joined as necessary and indispensable parties, once their identity is known.
23      Therefore, the Court **DENIES WITHOUT PREJUDICE** plaintiff's motion to remand.
24      **IT IS SO ORDERED.**
25
26  **DATED: August 8, 2007**
27
28      _____
    **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**